Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 318 | **DATE** | 2/23/2001 |
| **CASE TITLE** | State Farm Mutual Automobile vs. William G. Riley, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In brief, Answer paragraphs 1, 4-10 and 12-20 run afoul of Appendix paragraph 1, while Answer paragraphs 2-4, 11, 14 and 18 are at odds with Appendix paragraph 2. As stated at the outset, the entire Answer is stricken, and DeMarco's counsel is ordered (1) to file a self-contained Amended Answer (see App. Paragraph 7) in this Court's chambers on or before March 5, 2001, and to comply with App. 8 as well.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 2 6 2001 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | DOCKETING 01 23 PM 4: 53 | 2/23/2001 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 01 C 318 |
| WILLIAM G. RILEY, et al., | ) ) | |
| Defendants. | ) | |

**DOCKETED FEB 2 6 2001**

MEMORANDUM OPINION AND ORDER

Nancy DeMarco ("DeMarco"), one of the defendants in this interpleader action brought by State Farm Mutual Automobile Insurance Company ("State Farm"), has filed her Answer to Complaint of Interpleader. For the reasons stated in this sua sponte memorandum opinion and order, the Answer is stricken in its entirety--but with leave granted to DeMarco's counsel (an Assistant Attorney General) to replead promptly.

For too many years this Court has been required to treat with a battery of basic pleading errors committed by defendants' lawyers who have failed to conform to the clear directives--or to the basic thrust--of the Federal Rules of Civil Procedure. Both to simplify the process of correcting such deficiencies in the future and to save unwarranted wear and tear on its secretary, this Court has decided to issue the attached Appendix as a compendium of most of those frequently-encountered errors. In that way future flaws of the same types in later cases can be addressed by a simple reference to the Appendix rather than by a

set of repeated substantive discussions from case to case.[1]

In this instance DeMarco's counsel has been guilty of "only" two of the errors listed in the Appendix. But counsel has made up for that by the pervasiveness of those fundamental missteps--only the final Answer ¶21 is in proper form, each of the Answer's other 20 paragraphs having involved one or both of the repeated infractions. That pervasiveness alone should justify using this case as the poster child to which the Appendix is attached for future citation.

In brief, Answer ¶¶1, 4-10 and 12-20 run afoul of App. ¶1, while Answer ¶¶2, 3, 4, 11, 14 and 18 are at odds with App. ¶2. As stated at the outset, the entire Answer is stricken, and DeMarco's counsel is ordered (1) to file a self-contained Amended Answer (see App. ¶7) in this Court's chambers on or before March 5, 2001, and to comply with App. ¶8 as well.

                                                _/s/ Milton I. Shadur_
Milton I. Shadur
Senior United States District Judge

Date: February 22, 2001

---

[1] To facilitate such future references, this opinion is being sent in to West Publishing Company for publication.

2

APPENDIX

After years of unsuccessful efforts to correct a gaggle of fundamental pleading errors that continue to crop up in responsive pleadings, this Court--perhaps as much out of consideration for its highly skilled and substantially overworked secretary as for any other reason--has decided on a different approach. This Appendix will cover those most common flaws, so that corrective orders required to be entered in future cases can simply incorporate the treatment here by reference.

### 1. Fed R. Civ. P. ("Rule") 8(b)

Even though the second sentence of Rule 8(b) marks out an unambiguous path for any party that seeks the benefit of a deemed denial when he, she or it can neither admit outright nor deny outright a plaintiff's allegation (or plaintiff's "averment," the word used in Rule 8(b)), too many lawyers feel a totally unwarranted need to attempt to be creative by straying from that clear path. Most frequently such lawyers will omit any reference to "belief," or they will sometimes omit any reference to "information," or they may be guilty of both those omissions--and they do so even though Rule 8(b)'s drafters deliberately chose those terms as elements of the Rule's necessary disclaimer in order to set a higher hurdle for the earning of a deemed denial.[1]

---

[1] "Information" is of course much easier to come by than "knowledge." And very often it doesn't require much in the way of information to form a belief about the truth or lack of truth in someone else's assertions.

And although the concept of "strict proof," whatever that may mean, is nowhere to be found in the Rules (or to this Court's knowledge in any other set of rules or in any treatise on the subject of pleading), some members of the same coterie of careless defense counsel will also often include an impermissible demand for such proof. In all of these respects, see this Court's earlier published opinions in Gilbert v. Johnston, 127 F.R.D. 145, 146 (N.D. Ill. 1989) and King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc., 180 F.R.D. 332 (N.D. Ill. 1998).

### 2. Legal Conclusions

Another regular offender is the lawyer who takes it on himself or herself to decline to respond to an allegation because it "states a legal conclusion." That of course violates the express Rule 8(b) requirement that <u>all</u> allegations must be responded to. But perhaps even more importantly, it disregards established law from the highest authority on down that legal conclusions are an integral part of the federal notice pleading regime (Neitzke v. Williams, 490 U.S. 319, 325 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992); and relatedly, see the opinion of our Court of Appeals in Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995)). Indeed, could anything be more of a legal conclusion than a plaintiff's allegation of subject matter jurisdiction, which must of course be answered? In that latter

2

respect see, e.g., Form 21 of the Appendix of Forms following the Rules, which Rule 84 expressly identifies as "sufficient under the rules...and intended to indicate the simplicity and brevity of the statement which the rules contemplate."

### 3. "Speaks for Itself"

Another unacceptable device, used by lawyers who would prefer not to admit something that is alleged about a document in a complaint (or who may perhaps be too lazy to craft an appropriate response to such an allegation), is to say instead that the document "speaks for itself." This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)--but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that <u>are</u> permitted by Rule 8(b) in response to all allegations about the contents of documents (or statutes or regulations).

### 4. Other Failure To Answer

On occasion some defense counsel will fail or refuse to answer an allegation for some asserted reason other than those discussed above. Again such an omission is at odds with the plain mandate of Rule 8(b)'s first sentence, so that this Court regularly requires that every allegation in a complaint be responded to in conformity with Rule 8(b).

3

### 5. Rule 8(c)

Some defense counsel are inordinately fond of following the direct responses to a complaint's allegations with a set of purported affirmative defenses ("ADs") that don't really fit that concept. Though not identical in scope to the common law plea in confession and avoidance, the AD essentially takes the same approach of <u>admitting</u> all of the allegations of a complaint, but of then going on to explain other reasons that defendant is not liable to plaintiff anyway (or, as with comparative negligence or non-mitigation of damages, may be liable for less than plaintiff claims)--see the laundry list of ADs in Rule 8(c). This Court has made that point for many years in almost innumerable cases, with its first published opinion in that respect having been <u>Bobbitt v. Victorian House, Inc.</u>, 532 F.Supp. 734, 736-37 (N.D. Ill. 1982), a decision later approved in <u>Heller Financial, Inc. v. Midwhey Powder Co.</u>, 883 F.2d 1286, 1294 (7th Cir. 1989). Accordingly:

   (a) Where a claimed AD is inconsistent with a complaint's allegation, it will be stricken (nothing is lost by defendant in that situation, because the denial of that allegation in the answer has already put the matter at issue).

   (b) It is unacceptable for a party's attorney simply to mouth ADs in formula-like fashion ("laches," "estoppel,"

4

"statute of limitations" or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense--which is after all the goal of notice pleading. Any such AD will also be stricken, but with leave often granted to advance a properly fleshed-out AD to the same effect the next time around.

### 6. District Court LR 10.1

For decades this District Court has imposed this obligation (now redesignated as LR 10.1 as part of the court's required 1999 renumbering of its local rules to track the Federal Rules of Civil Procedure) on all defendants:

> Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed.

As a matter of practice, that requirement is most often complied with by a defendant's verbatim copying of the complaint's allegations in each paragraph, followed immediately by defendant's response to that paragraph. Its purpose is obvious: to provide a self-contained pleading, so that the judicial or adversary reader can avoid the inconvenience of having to flip back and forth between two pleadings to see just what is or is not being placed at issue. But even apart from that fostering of convenience, there is no justification for any lawyer's noncompliance with such a plain directive of long standing--something that should be known by everyone practicing in this

5

district.

## 7. Compliance

For much the same reason that has occasioned the adoption of LR 10.1, it is most often preferable that a flawed responsive pleading--one that contains a number of errors of one or more of the types described above--be cured by filing a full-blown self-contained amended pleading, rather than just an amendment limited to correcting those errors. That practice also avoids a kind of patchwork pleading, in which more than one document must be examined to see the totality of the responding party's pleading. This Court frequently includes an order to that effect after having identified the violations involved.

## 8. Cost of Correction

Because all of the matters that have been addressed here are the product of some lawyer's deficient performance, there is no reason that the client should bear the cost of correction via a revised pleading (as stated in the preceding paragraph, that most frequently takes the form of a self-contained amended answer). Accordingly, no charge is to be made to the client by its counsel for the added work and expense incurred in correcting counsel's own errors. And counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).